**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICARDO ESCOBAR MONTALVAN,

      Petitioner,

v.

                                   Case No. 1:26-cv-01289-MIS-KK

WARDEN, Torrance County Detention
Facility; MARY DE ANDA-YBARRA, Field
Office Director of the El Paso Field Office of
U.S. Immigration and Customs Enforcement;
TODD LYONS, Acting Director and Senior
Official Performing the Duties of the Director
of U.S. Immigration and Customs
Enforcement; TODD BLANCHE, Acting
Attorney General of the United States; and
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security,

      Respondents.

## ORDER GRANTING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Ricardo Escobar Montalvan's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Memorandum of Law in Support thereof ("Memo"), ECF No. 2, filed April 24, 2026. Petitioner is a citizen of Cuba who entered the United States on August 29, 2021, apparently at the Del Rio, Texas Port of Entry. Memo. ¶¶ 1-2. He was detained upon entry, placed in removal proceedings, issued a Notice to Appear, and released on his own recognizance under 8 U.S.C. § 1226(a). Id. ¶ 2. Thereafter, Petitioner filed applications for asylum and for adjustment of status under the Cuban Adjustment Act. Id. ¶ 3. The asylum application remains pending. Id. ¶ 3. He has an employment authorization document that is valid through 2030. Id. ¶ 4. Petitioner has complied with all immigration requirements. Id.

Nevertheless, on December 18, 2025, Petitioner was stopped at a commercial weigh station in Texas during the course of his work as a licensed commercial driver. Id. ¶ 5. Because he had no status as a citizen or lawful permanent resident, Petitioner was detained at the weigh station until U.S. Immigration and Customs Enforcement ("ICE") officers arrived later that day and took him into custody. Id. ¶ 6. The same day, the Department of Homeland Security ("DHS") issued Petitioner a new Notice to Appear, identifying Petitioner as "an alien present in the United States who has not been admitted or paroled." ECF No. 7-3 at 1. Petitioner has been detained since December 18, 2025, and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Id. ¶ 7.

On February 11, 2026, an immigration judge issued an order granting DHS's motion to pretermit Petitioner's asylum application and ordering Petitioner removed to Ecuador. ECF No. 7-1. Petitioner has appealed that order. ECF No. 7-4.

On April 24, 2026, Petitioner filed the instant Petition arguing that his detention violates the Due Process Clause of the Fifth Amendment. Pet. at 3, 5-6.

On April 28, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. ECF No. 5. The Court instructed that Respondents must "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On May 12, 2026, the federal Respondents filed a Response to the Petition. ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's

2

decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 4. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 3-4.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Ricardo Escobar Montalvan from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8

U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE